JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A).
Defendant-appellant, Camella Martin, appeals the judgment of the Hamilton County Municipal Court convicting her of child endangering under R.C. 2919.22. She was convicted of the offense after a bench trial.
At trial, an investigator from the Hamilton County Department of Jobs and Family Services testified that she had visited Martin's apartment in response to a complaint about its conditions. When she arrived, Martin's sister, Charisse Booker, was there with three children, all under the age of three. Booker told the investigator that one of the children was hers and that the other two were Martin's. Booker stated that she and Martin had custody of the children.
The investigator testified that there was old food, soiled diapers, and other garbage strewn about the residence. Overturned mattresses, numerous toys, clothing, and other items were also scattered throughout the apartment, which had a strong odor of rotting food or garbage. A police officer substantially corroborated the investigator's testimony, adding that a doorframe with exposed nails had been left on the floor. The state presented the trial court with four photographs of the residence. Martin rested without presenting any evidence, and the court found her guilty.
In a single assignment of error, Martin now contends that the conviction was based upon insufficient evidence. In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1]
The child-endangering statute, R.C. 2919.22, provides that "[n]o person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age * * * shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support." The term "substantial risk" is defined in R.C. 2901.01(A)(8) as a "strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist."
To prove a violation of R.C. 2919.22, the state must prove that the defendant acted "recklessly."[2] R.C. 2901.22 provides that "[a] person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."
Martin first argues that the evidence was insufficient in that the state did not prove that the children named as victims in the complaint were the children who were present in the apartment on the date of the alleged offense. We note that there were four children named in the complaint, whereas the trial testimony indicated the presence of only two of Martin's children.
We are not persuaded that the failure to prove the identities of the children was fatal to the state's case. The statute requires the state to prove that the defendant created a substantial risk of harm to a child under the defendant's care, not to prove the identity of the child. Here, the state presented testimony indicating that two of the children in the apartment were Martin's and that Martin had custody of the children. That evidence was sufficient to establish that Martin owed the children a duty of care as set forth in R.C. 2919.22.
Martin next argues that the state failed to prove that she had created a substantial risk of harm to the children. We find no merit in this argument. The trial testimony, together with the photographs introduced into evidence, indicated that the apartment was extremely dirty and that the children were placed at a substantial risk of harm by the filth and by the exposed nails of the doorframe. Martin's contention that the conditions of the apartment were not as squalid as in other cases is unavailing. The evidence was such that a rational trier of fact could have found all of the elements of the offense proved beyond a reasonable doubt, and the assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Hildebrandt, P.J., Gorman and Sundermann, JJ.
[1] State v. Waddy (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819.
[2] State v. Morton (2000), 138 Ohio App.3d 309, 312,741 N.E.2d 202.